**FILED**

2012 NOV -9 A 10: 04

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. DIST. OF CALIFORNIA

1  Joseph R. Becerra (State Bar No. 210709)
   LAW OFFICE OF JOSEPH R. BECERRA
2  835 Wilshire Boulevard, Suite 200
   Los Angeles, California 90017
3  Telephone: (213) 542-8501
   Facsimile: (213) 542-5556
4  Email:    jbecerra@jrbecerralaw.com

5

6  TOREY JOSEPH FAVAROTE State Bar No.: 198521
   GLEASON & FAVAROTE, LLP
7  835 Wilshire Blvd., Suite 200
   Los Angeles, California 90017
8  Telephone: (213) 452-0510
   Facsimile: (213) 452-0514
   tfavarote@gleasonfavarote.com
9

10 Attorneys for Plaintiff Portia Daniels,
   on behalf of herself and all others similarly
   situated
11

12              UNITED STATES DISTRICT COURT                **NC**

13             NORTHERN DISTRICT OF CALIFORNIA

14                    C   12    5755

15 Portia Daniels, on behalf of herself and   ) Case No.
   all others similarly situated,             )
16                                            ) **FLSA COLLECTIVE ACTION**
                                              )
17                    Plaintiff,              ) **CLAIM FOR RELIEF:**
                                              )
18                                            ) **OVERTIME COMPENSATION**
                                              ) **AND LIQUIDATE DAMAGES**
19         vs.                                ) **UNDER THE FAIR LABOR**
                                              ) **STANDARDS ACT OF 1938, 29**
20                                            ) **U.S.C. § 201 ET SEQ.**
                                              )
21 AÉROPOSTALE WEST, INC., a                  )
   Delaware corporation,                      )
22 AÉROPOSTALE, INC., a Delaware              )
   corporation, and DOES 1 through 10,        )
23 inclusive,                                 ) **DEMAND FOR JURY TRIAL**
                                              )
24                    Defendants.             )
                                              )
25                                            )
                                              )
26                                            )
                                              )
27 _____ )

28
                                    **FLSA COLLECTIVE ACTION**
                                         **CLAIM FOR RELIEF:**
                 **OVERTIME COMPENSATION AND LIQUIDATE DAMAGES UNDER**
              **THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. § 201 ET SEQ.**

/ / /

Plaintiff Portia Daniels, on behalf of herself and all others similarly situated (herein referred to as "Plaintiff"), has brought this action against defendants AEROPOSTALE, INC., and its wholly owned subsidiary AÉROPOSTALE WEST, INC and DOES 1-10 (hereafter collectively referred to as "Defendants" or "Aéropostale"). Plaintiff is informed and believes, and on that basis alleges as follows:

## I. INTRODUCTION

1. This is a civil action seeking recovery for Plaintiff, and all others similarly situated, for unpaid overtime (including double time) wages, liquidated damages, attorneys' fees and costs under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. Aéropostale operates and, at all times during the relevant liability period (three years prior to the filing of the Complaint in this matter), has done business as a shopping mall-based specialty retailer of casual apparel and accessories in California and throughout the United States. In its endeavor, Aéropostale employs nonexempt personnel in California and throughout the United States as Nonexempt Store Employees, Assistant Store Managers, Associate Store Managers, and Store Managers ("Nonexempt Store Employees"). This lawsuit challenges Defendants' wage and hour practices as they concern Nonexempt Store Employees.

3. Nonexempt Store Employees that were classified as non-exempt, were: (i) paid a hourly rate, or a salary for their first forty (40) hours of work in a workweek: (ii) were eligible for overtime pay for hours worked over 40 in a work-week; and (iii) were eligible for monthly and annual non-discretionary bonuses that varied in amount and were dependent on the performance of the store(s) in which

2.

they were employed. These bonuses were for sales that they helped to achieve, limiting shrinkage (loss due to theft or accident), and recruiting. These bonuses included but were not limited to "sales," "shrink," "contest," "sign-on," "referral" and "additional."

4. With respect to Plaintiff and the other Nonexempt Store Employees, Defendants' compensation program for its Nonexempt Store Employees during the last three years results in the following uniform policies and practices that are in violation of federal law:

        a. It is Aéropostale's uniform policy and procedure to not include all remuneration required under the Fair Labor Standards Act in calculating Nonexempt Store Employees' regular and overtime rates of pay, including but not limited to the inclusion of monthly and annual non-discretionary bonus amounts into the calculation of their regular rate of pay.

5. At all times relevant to this Complaint, each defendant was subject to Title 29 U.S.C. § 207(a), which states the following in pertinent part:

        (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

        (2) No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for

3.

commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, and who in such workweek is brought within the purview of this subsection by the amendments made to this chapter by the Fair Labor Standards Amendments of 1966 –

. . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

6.     At all times relevant to this Complaint, Plaintiff's employment by Defendants, and each of them, has been covered by the FLSA because: (a) Defendants, and each of them, engaged in commerce and/or engaged in the production of goods for commerce; and/or (b) Plaintiff's employment by Defendants, and each of them, is covered under the enterprise coverage provisions set forth under 29 U.S.C. §203(s), because: (i) while employed by Defendants, Plaintiff handled goods that had moved in interstate commerce, and (ii) Defendants' annual gross income of sales made or business done was not less then $500,000 during one or more of the years at issue. (29 U.S.C. § 203(s)(1)(A)(i),(ii); and see, e.g., <u>Donovan v. Scoles</u> (9th.Cir., 1981) 652 F.2d 16; <u>Balce v. Lucky Chances, Inc.</u>, (N.D. Cal., 2008) 2008 WL 564792.)

7.     Section 216(b) of Title 29 of the United States Code states the following in pertinent part:

> Any employer who violates the provisions of ... section 207 of this title shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation, ..., and in an additional equal amount as liquidated damages..... An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The

4.

court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.....

8.     Plaintiff, on behalf of herself and all similarly situated current and former employees of Aéropostale in the United States and its territories, seeks payment of unpaid overtime wages associated with non-discretionary bonuses that Defendants paid to its non-exempt employees which were improperly excluded by Defendants in Plaintiff's and members of the proposed FLSA Collective Action's regular rate and overtime rate calculations, plus liquidated damages under the FLSA.

## II.    JURISDICTION AND VENUE

9.     The USDC-Northern District has jurisdiction in this matter due to Defendants' numerous violations of the FLSA in this district.  Defendants have over the last three years employed hundreds of Nonexempt Store Employees in this district, including Plaintiff Portia Daniels.

10.    Venue as to Defendants is proper in the Northern District as Defendants operate stores, maintain offices, transact business, including engaging in the transactions giving rise to liability in this district.  Plaintiff also worked for Defendants in this district.  This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

11.    Jurisdiction and venue as to each defendant is proper in this judicial district, pursuant to the FLSA, 29 U.S.C. § 216(b).

12.    The unlawful acts alleged herein arise under the FLSA and have a direct effect on Plaintiff and those similarly situated within California and throughout the United States and its territories.

### III.   PARTIES

#### A.   PLAINTIFF

13.   Plaintiff Portia Daniels (hereinafter "Plaintiff") is an individual over the age of eighteen and was formerly employed by Aéropostale as a non-exempt Store Manager at its store in Fremont, California from approximately March 2007 to July 2011.

14.   Within the last three years and as recently as July 2011, Plaintiff worked for Defendants as a non-exempt Store Manager, and in so doing was consistently required by Aéropostale to work in excess of 40 hours per week without being paid the appropriate overtime compensation under the FLSA. Plaintiff received several non-discretionary bonuses from the Defendants related to things such as sales and shrinkage which were not included in her regular rate of pay when she worked overtime.

#### B.   DEFENDANTS

15.   Defendant Aéropostale West, Inc., is and at all times mentioned in this Complaint was a Delaware corporation qualified to do business and actually doing business in the state of California where it operates as a shopping mall-based specialty retailer of casual apparel and accessories under the trade names Aéropostale, and P.S. from Aéropostale.  Aéropostale West, Inc., is a wholly owned subsidiary of Aéropostale, Inc.,

16.   Defendant Aéropostale, Inc is the parent corporation of  defendant Aéropostale West, Inc., and at all times mentioned in this Complaint was a Delaware corporation qualified to do business and actually doing business in the state of California where it operates as a mall-based specialty retailer of casual apparel and accessories under the trade names Aéropostale, and P.S. from Aéropostale.

6.

17. Together, Aéropostale operates in numerous separate geographical locations within California, including Fremont, and in every state as well as Puerto Rico for the purpose of selling Aéropostale merchandise.

18. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that DOES 1 through 10 are now, or at all times mentioned in this Complaint were, licensed to do business and/or are actually doing business in the state of California, and that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

19. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy to perform the unlawful acts and practices described herein, and the acts of each defendant are legally attributable to the other Defendants as each defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said acts.

## IV.   COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this as a collective action on behalf of herself and all other persons similarly situated, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b). The period covered by this collective action is three (3) years from the filing of this Complaint up to and including the time of trial for this matter (hereinafter "FLSA Collective Action" of "FLSA Collection Action Period"). The

7.

FLSA Collective Action members which Plaintiff seeks to represent is composed of and defined as follows:

> All current and former Nonexempt Store Employees of Aéropostale classified as non-exempt, who have worked overtime for Aéropostale in the United States or Puerto Rico at any time within the Collective Action Period and received a non-discretionary bonus (hereinafter "FLSA Collective Action Members").

21.    Plaintiff is informed and believes that the FLSA Collective Action Members potentially consists of tens of thousands of individuals from all over the country.

22.    During this litigation, Plaintiff may find it appropriate or necessary to amend the definition of those covered by the collective action. Plaintiff reserves her right to continue to refine the collective action definition. Similarly, although subclasses are not anticipated at this time, Plaintiff reserves the right to move for subclasses divided along any reasonable point of distinction that might exist among members of the FLSA Collective Action.

23.    Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all the FLSA Collective Action Members as defined above.

24.    Plaintiff and the members of the FLSA Collective Action are similarly situated in that they were/are all non-exempt employees subject to Defendants' common practice, policy, or plan of willfully and unlawfully failing to include all forms of compensation, including all non-discretionary bonuses into the calculation of their regular rate of pay for purposes of determining the correct overtime due to them under the FLSA.

25.    The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

8.

26.   The names and addresses of the members of the FLSA Collective Action are available from Defendants, and notice should be provided to the members of the FLSA Collective Action via first class mail to the last address known as provided by the Defendants as soon as possible.

## V.   CLAIM FOR RELIEF

### COLLECTIVE ACTION FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. § 201 ET SEQ. (FLSA) 29 U.S.C. § 216(b)

(By Plaintiff Individually and as a Collective Action against All Defendants)

27.   Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

28.   Defendants had a uniform practice and policy of compensating its non-exempt Nonexempt Store Employees through monthly and annual non-discretionary bonus programs that established tiered goals that resulted in sales, shrinkage, additional and referral bonus payments to the Nonexempt Store Employees in varying, but scheduled amounts, based on their performance at the store(s) they worked at for Defendants. In violation of the FLSA it was Aéropostale's uniform policy and practice not to include these and other non-discretionary bonus amounts that the Nonexempt Store Employees received on a monthly and/or annual basis into their "regular rate" of pay for purposes of calculating the Nonexempt Store Employees correct overtime rate of pay.

29.   As a result of the unlawful acts of Defendants, Plaintiff and the FLSA Collective Action Members have been deprived of overtime wages at their correct regular rate of pay when they worked in excess of 40 hours in a workweek in violation of the FLSA, as the Defendants only used these individuals hourly rate of pay to determine their overtime rate. The FLSA requires each covered employer, such as Defendants, to compensate all nonexempt employees at a rate of not less

9.

1 than one and one-half times the regular rate of pay for work performed in excess of
2 forty hours in a workweek.

3     30.    Attached hereto as Exhibit A is the consent to join form signed by
4 Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and
5 256. It is likely that other individuals will sign consent forms and join as plaintiffs
6 on this claim in the future.

7     31.    The members of the FLSA Collective Action are defined and consist of
8 each of the following:

9         All current and former Nonexempt Store Employees of
        Aéropostale classified as non-exempt, who have worked
10         overtime for Aéropostale in the United States or Puerto
        Rico at any time within the Collective Action Period and
11         received a non-discretionary bonus (hereinafter "FLSA
        Collective Action Members").
12

13     32.    At all relevant times, Defendants, pursuant to their uniform, systematic
14 and non-individualized policies and practices, willfully failed and refused to pay
15 overtime premiums in accordance with the law to those covered by the FLSA
16 Collective Action for their hours worked in excess of forty per week. After being
17 notified of these violations over a year ago Defendants continue to refuse to pay
18 Class Members for unpaid overtime. Defendants have also made partial back pay
19 payments to a small number of the FLSA Collective Action Members for some of
20 the violations alleged herein, but has not done so for all members.

21     33.    By failing to compensate Plaintiffs and the members of the FLSA
22 Collective Action at a rate not less than one and one-half times the regular rate of
23 pay for work performed in excess of forty hours in a workweek, Defendants violated
24 the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

25     34.    The foregoing conduct, as alleged, constitutes a willful violation of the
26 FLSA within the meaning of 29 U.S.C. § 255(a).

27

                10.

28

35.    Plaintiff, on behalf of herself and the members of the FLSA Collective Action, seek recovery of her attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA.

36.    Plaintiff, on behalf of herself and the members of the FLSA Collective Action, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, interest, and such other legal and equitable relief as this Court deems just and proper.

37.    At all-times relevant to this Complaint, since three years prior to the commencement of this action, Plaintiff and members of the FLSA Collective Action, as alleged herein claim that, each Defendant willfully failed to pay the correct overtime compensation owed to said Plaintiff and the FLSA Collective Action Members for all of his/her/their overtime hours worked in excess of 40 hours per workweek, in violation of 29 U.S.C. § 207(a); and,

38.    The aforementioned conduct of Defendants, and each of them, constitutes multiple and repeated violations of 29 U.S.C. § 207(a); based thereon, Plaintiff prays for and seeks judgment and appropriate orders in favor of Plaintiff and those in the FLSA Collective Action identified above against Defendants, jointly and severally, as follows: For the recovery of the balance of overtime compensation owed to Plaintiff and those in the FLSA Collective Action plus liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. § 216(b), in an amount according to proof; for an award of pre-judgment interest; for costs of suit; for interest as allowed by law; and, for such other relief as may be proper.

## VI.    PRAYER

WHEREFORE, Plaintiff, on behalf of herself and all members of the proposed FLSA Collection Action she seeks to represent, prays for relief as follows:

A.    For an order certifying that the first claim of this Complaint may be

11.

maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA Collective Action, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims;

     B.    Designation of the Plaintiff as a representative for the FLSA claims and Plaintiff's attorneys as Counsel for the FLSA Collective Action;

     C.    Appropriate equitable relief to remedy Defendants' violations of the FLSA, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

     D.    All unpaid overtime as calculated by the applicable provisions of the FLSA at 29 U.S.C. §§ 201 *et seq.,* and applicable regulations promulgated in the Code of Federal Regulations and/or opinions and directives of the Department of Labor;

     E.    All appropriate federal statutory penalties;

     F.    An award of liquidated damages pursuant to the FLSA, and according to proof;

     G.    Pre-Judgment and post-Judgment interest, as provided by law;

     H.    Such other equitable relief as the Court may deem just and proper;

     I.    Attorneys' fees and costs of suit, including expert fees as permitted by the FLSA and/or federal law.

12.

Dated: November 8, 2012          LAW OFFICE OF JOSEPH R. BECERRA

                                 By _____
                                         Joseph R. Becerra

                                 Attorneys for Plaintiff Portia Daniels
                                 and All Others Similarly Situated


Dated: November 8, 2012          GLEASON & FAVAROTE, LLP

                                 By: _____
                                         Torey Joseph Favarote

                                 Attorneys for Plaintiff Portia Daniels
                                 and All Others Similarly Situated

13.

FLSA COLLECTIVE ACTION
CLAIM FOR RELIEF:
OVERTIME COMPENSATION AND LIQUIDATE DAMAGES UNDER
THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. § 201 ET SEQ.

1   **DEMAND FOR JURY TRIAL**

2   Plaintiff hereby demands a trial by jury.

3

4   Dated: November 8, 2012                LAW OFFICE OF JOSEPH R. BECERRA

5

6                                          By: _____

7                                               Joseph R. Becerra

8                                          Attorneys for Plaintiff Portia Daniels
                                           and All Others Similarly Situated

9

10  Dated: November 8, 2012                GLEASON & FAVAROTE, LLP

11

12                                         By: _____

13                                              Torey Joseph Favarote

14                                         Attorneys for Plaintiff Portia Daniels
                                           and All Others Similarly Situated

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    1.
                         **DEMAND FOR JURY TRIAL**

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

PORTIA DANIELS, on behalf of herself and
all others similarly situated,

                Plaintiffs,

      vs.

AÉROPOSTALE WEST, INC., a Delaware
corporation, AÉROPOSTALE, INC., a
Delaware corporation, and DOES 1 through
10, inclusive,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

### FLSA CONSENT FORM

      I, PORTIA DANIELS, am a current or former non-exempt employee of AÉROPOSTALE WEST, INC., and/or AÉROPOSTALE, INC. (collectively "AEROPOSTALE"). I believe I am entitled to additional wages for unpaid or underpaid overtime when I worked for AEROPOSTALE in excess of forty hours per week during the past three years. I wish to be included as a party or to opt-in the pay claims being asserted against AEROPOSTALE by current and former AEROPOSTALE employees and I hereby consent to Joseph Becerra of Law Offices of Joseph Becerra and Torey J. Favarote of Gleason & Favarote LLP, or such other representatives as they may designate, to bring suit against AEROPOSTALE on my behalf under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

| | |
|---|---|
| _Portia Daniels_ | _Portia Daniels_ |
| Signature | Print Name |
| 10 . 30 . 12 | 1653 Santa Maria |
| Date | Address (with apt. number if applicable) |
| 510 . 754 . 9420 | San Leandro, CA , 94577 |
| Telephone Number | City, State, Zip Code |
| | portiadaniels7@yahoo.com |
| | E-Mail Address |