1 | Joseph R. Becerra (State Bar No. 210709)
LAW OFFICE OF JOSEPH R. BECERRA
2 | 835 Wilshire Boulevard, Suite 200
Los Angeles, California 90017
3 | Telephone:    (213) 542-8501
Facsimile:    (213) 542-5556
4 | Email: jbecerra@jrbecerralaw.com

5 | Torey Joseph Favarote (State Bar No.: 198521)
GLEASON & FAVAROTE, LLP
6 | 835 Wilshire Blvd., Suite 200
Los Angeles, California 90017
7 | Telephone:    (213) 452-0510
Facsimile:    (213) 452-0514
8 | tfavarote@gleasonfavarote.com

9 | Attorneys for Plaintiff Portia Daniels,
on behalf of herself and all others similarly situated

10 |

11 | **UNITED STATES DISTRICT COURT**

12 | **NORTHERN DISTRICT OF CALIFORNIA**

13 | PORTIA DANIELS, on behalf of herself and all others similarly situated,

Plaintiffs,

vs.

AÉROPOSTALE WEST, INC., a Delaware corporation, AÉROPOSTALE, INC., a Delaware corporation, and DOES 1 through 10, inclusive,

Defendants.

Case No. CV 12-05755 WHA

**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION AND FOR ORDER REGARDING MAILING OF OPT-IN NOTICE TO FLSA COLLECTIVE ACTION MEMBERS;MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Filed Concurrently with Declarations of Torey Joseph Favarote and Portia Daniels]

Date:          April 11, 2013
Time:          8:00 a.m.
Dept.:          8
Judge:          Hon. William Alsup
Action Filed:   November 9, 2012
Trial Date:     None

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on April 11, 2013 at 8:00 a.m., or as soon thereafter as the

matter may be heard in Department 8 of this Court, located at 450 Golden Gate Avenue, San

1

Francisco, California 94102, plaintiff PORTIA DANIELS ("Plaintiff") individually and on behalf of all others similarly situated, will and hereby does move this Court pursuant to Section 216(b) of the Federal Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. Sections 201, *et seq.*, for an order: (1) granting conditional FLSA certification of the collective action asserted herein; (2) compelling Defendants to provide the contact information for those affected so that they can have an opportunity to opt-in and preserve their rights under the FLSA; and (3) approving the collective action notice and opt-in form.

This Motion for Conditional Certification is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Torey Joseph Favarote and Portia Daniels and the exhibits thereto, the files and records in this action, and such other documentary or oral evidence and argument as the Court may permit at the time of hearing on this motion.

Dated: March 7, 2013             LAW OFFICE OF JOSEPH R. BECERRA


                                 By: /s/ Joseph R. Becerra
                                 _____
                                 Joseph R. Becerra
                                 Attorneys for Plaintiff Portia Daniels


Dated: March 7, 2013             GLEASON & FAVAROTE, LLP


                                 By: /s/ Torey Joseph Favarote
                                 _____
                                 Torey Joseph Favarote
                                 Attorneys for Plaintiff Portia Daniels

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
**CASE NO.: CV12-05755 WHA**

## <u>TABLE OF CONTENTS</u>

I.      STATEMENT OF RELIEF SOUGHT ........................................................1

II.     INTRODUCTION ................................................................................1

III.    PROCEDURAL BACKGROUND............................................................3

IV.     FACTUAL BACKGROUND ...................................................................4

        A.      Defendants Have Uniform Payroll Practices and Processes .........................4

        B.      The FLSA Collective Action Members Are All Classified As
                Non-Exempt and Are Paid Overtime At Just 1.5 Times Their
                Regular Rate ........................................................................6

        C.      The FLSA Collective Action Members Routinely Work More
                than 40 Hours per Week but Do Not Receive Overtime Pay
                from Defendants That Includes their Non-Discretionary
                Bonuses. .............................................................................6

V.      SUMMARY OF ARGUMENT ................................................................7

VI.     ARGUMENT .....................................................................................11

        A.      AT this Early Stage of Proceedings, a Lenient Standard Applies
                to Conditionally Certify a Collective Action and Facilitate
                Notice to Potential Plaintiffs..................................................11

        B.      At the Present Stage of the Proceedings, Only A Modest
                Showing Need Be Made to Obtain Conditional Certification
                Under the FLSA ..................................................................13

        C.      Plaintiff Has More than Made the Requisite "Modest Factual
                Showing" for Conditional Certification........................................14

        D.      Substantive Issues Should Not Be Addressed at this Stage of the
                Litigation. .........................................................................14

        E.      Even if the Court Decides to Inquire into the Substantive Issues,
                an Overview of Aéropostale's Bonus Programs Show
                Violations of the FLSA ..........................................................16

                1.      Aéropostale Concedes That They Did Not Pay the
                        Required Overtime on Bonuses. .....................................18

VII.    CONCLUSION..................................................................................21

# TABLE OF AUTHORITIES

Statutes

29 CFR §778.209(a) ................................................................................................ 2, 16

29 CFR §778.209(b) .................................................................................................... 3

29 U.S.C. § 216 (b) ............................................................................................. 7, 8, 13

29 U.S.C. § 255(a) ..................................................................................................... 19

29 U.S.C. § 256 .......................................................................................................... 11

29 U.S.C. §207 (e) ..................................................................................................... 16

Rules

Fed. R. Civ. P. 23 ................................................................................................. 12, 15

Treatises

*California Practice Guide: Employment Litigation* ¶ 11:1294 (The Rutter
    2008) ................................................................................................................... 15

Federal Cases

Adams v. Inter-Con Sec. Sys., Inc.
    242 F.R.D. 530, 536 (N.D. Cal. 2007) .............................................................. passim

Alba v. Papa John's USA, Inc.
    2007 WL 953849, *5 (C.D. Cal. Feb. 7, 2007) ...................................................... 19

Alvarez v. IBP, Inc.
    339 F.3d 894 (9th Cir. 2003) .................................................................................. 24

Aquilino v. Home Depot, Inc.
    2006 WL 2583563 *1, 3 (D.N.J. Sept. 7, 2006) ...................................................... 9

Aros v. United Rentals, Inc.
    269 F.R.D. 176 (D. Conn. 2010) ............................................................................ 18

Carter v. Anderson Merchandisers, LP
    2008 WL 2783193, *7(C.D. Cal. Jul. 10, 2008) ...................................................... 8

Chao v. A-One Med. Services, Inc.
    346 F.3d 908 (9th Cir. 2003) .................................................................................. 24

Chavez v. Lumber Liquidators Inc.
    2012 WL 1004850, *6-7 (N.D. Cal. Mar. 26, 2012) ......................................... 10, 24

Delgado v. Ortho-McNeil, Inc.
  2007 WL 2847238, *1 (C.D.Cal. Aug. 7, 2007).................................................. 9

Edwards v. City of Long Beach
  467 F.Supp.2d 986 (C.D. Cal. 2006) ............................................................ 9

Eisen  v. Carlisle & Jacquelin
  417 U.S. 156 (1974).......................................................................... 19

Escobar v. Whiteside Const. Corp.
  2008 WL 3915715, *5 (N.D. Cal. Aug. 21, 2008) ........................................... passim

Grayson v. K Mart Corp.
  79 F.3d 1086 (11th Cir. 1996) ............................................................... 17

Harris v. Vector Mktg. Corp.
  716 F.Supp.2d 835 (N.D. Cal. 2010) .......................................................... 14

Herring v. Hewitt Associates, Inc.
  2007 WL 2121693 *1, (D.N.J. Jul. 24, 2007)................................................... 8

Hoffmann-LaRoche, Inc. v. Sperling
  493 U.S. 165 (1989).................................................................. 7, 13, 25

In re Wells Fargo Home Mortg. Overtime Pay Litig.
  527 F.Supp.2d 1053 (N.D. Cal. 2007) ......................................................... 11

Kress v. PricewaterhouseCoopers, LLP
  263 F.R.D. 623 (E.D. Cal. 2009) ............................................................. 14

Leuthold v. Destination Am. Inc.
  224 F.R.D. 462 (N.D. Cal. 2004).................................................... 10, 13, 15

Lockhart v. County of Los Angeles
  2008 WL 2757080, *4 (C.D. Cal. Jul. 14, 2008)................................................ 9

McLaughlin v. Richland Shoe Co.
  486 U.S. 128 (1988).......................................................................... 23

Misra v. Decision One Mortg. Co., LLC
  673 F.Supp.2d 987 (C.D. Cal. 2008) ................................................ 8, 11, 14, 26

Mitchell v. Acosta Sales, LLC
  841 F.Supp.2d 1105 (C.D. Cal. 2011) ......................................................... 8

Mowdy v. Beneto Bulk Transp.
  2008 WL 901546,*6 (N.D. Cal. Mar. 31, 2008).......................................... 15, 25

Provine v. Office Depot, Inc.
  2012 WL 2711085 *1, 8 (N.D. Cal. Jul. 6, 2012)....................................... 10, 24

Santiago v. Amdocs, Inc.
  2011 WL 6372348, *7 (N.D. Cal. Dec. 19, 2011).............................................. 18

ii

TABLE OF AUTHORITIES

St. Marie v. E. R.R. Ass'n
    72 F.R.D. 443 (S.D.N.Y. 1976) ................................................................... 16

Stanfield v. First NLC Fin. Services, LLC
    2006 WL 3190527 *1 (N.D. Cal. Nov. 1, 2006) ...................................... 10

Thiebes v. Wal-Mart Stores, Inc.
    1999 WL1081357, *2 ........................................................................... 15

Walling v. Youngerman-Reynolds Hardwood, Co.
    325 U.S. 419 (1945) ................................................................................ 20

Wren v. RGIS Inventory Specialists
    2007 WL4532218 *5 (N.D. Cal. Dec. 19, 2007); ................................ 11, 14

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF RELIEF SOUGHT

By this motion, plaintiff Portia Daniels ("Plaintiff") seeks an order of this Court, pursuant to Section 216(b) of the Federal Fair Labor Standards Act ("FLSA" or the "Act"), as amended, 29 U.S.C. Sections 201,*et seq.*, ("FLSA"), granting conditional FLSA certification of the collective action asserted herein against defendants Aéropostale West, Inc. and Aéropostale, Inc. (collectively, "Defendants" or "Aéropostale").  Plaintiff also seeks an order for Defendants to produce the contact information of those affected so that they can have an opportunity to opt in and preserve their rights under the FLSA.  Plaintiff further seeks this Court's approval of the collective action notice and opt-in form attached to the concurrently filed declaration of Torey Joseph Favarote ¶ 2 as **Exh. 1**[1] (hereinafter "Favarote Decl.").

### II.    INTRODUCTION

Aéropostale operates and, at all times during the relevant liability period (three years prior to the filing of the Complaint), has done business as a shopping mall-based specialty retailer of casual apparel and accessories throughout the United States.  (See copy of "About Aéropostale, Inc." webpage, Favarote Decl. ¶ 3 **Exh. 2**).  In its endeavor, Aéropostale employs personnel in California and throughout the United States as non-exempt store employees, which include but is not limited to "Associates", "Assistant Store Managers", "Associate Store Managers", "Store Managers" and "General Managers" ("Non-Exempt Store Employees").  (See **Exh. 4**, Deposition of Defendants' Director of Payroll, Rawle Boatswain, hereinafter "Boatswain Depo. II," 86:13-

---

[1]Citation to numbered exhibits refer to exhibits attached to the concurrently filed Favarote Declaration.  Citation to lettered exhibits refer to exhibits attached to the concurrently filed declaration of plaintiff Portia Daniels.

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
**CASE NO.: CV12-05755 WHA**

17). This lawsuit challenges Defendants' wage and hour practices as they concern Non-Exempt Store Employees.  These employees that were classified as non-exempt, were: (i) paid an hourly rate, or a salary for their first forty (40) hours of work in a workweek; (ii) were eligible for, and paid, some overtime (1.5 times their hourly rate) for hours worked over 40 in a workweek; and (iii) were eligible for monthly and annual non-discretionary bonuses that varied in amount and were dependent on these employees' work performance at the store(s) in which they were employed.  (See Declaration of Portia Daniels ¶ 3 (hereinafter "Daniels Decl."); Favarote Decl., **Exh. 3**, Boatswain Depo. I, at 128:20-129:16; 137:9-138:7; Favarote Decl., **Exh. 4**, Boatswain Depo. II at 84:23-85:7; Favarote Decl., **Exh. 6**, Defendants' Verified Responses to Special Interrogatories, Set 4, at Special Interrogatories 97 & 99[2]).  These bonuses were earned for sales goals reached by Non-Exempt Store Employees, for limiting "shrinkage" (loss of inventory due to theft or accident), and for recruiting employees and other personnel.  (Daniels Decl. ¶ 3; **Exh. A-F**).  These bonuses included but were not limited to "sales," "shrink," "contest," "sign-on," "referral" and "additional" bonuses for when the store exceeded its various goals.  (Favarote Decl., **Exh. 3**, Boatswain Depo. I at 194:13-24; Daniels Decl. ¶ 3; **Exh. A-F**).

The crux of Plaintiff's complaint is that Defendants had a uniform, nationwide, practice of failing to include these earned bonus amounts into Non-Exempt Store Employees' regular rate of pay for overtime purposes in violation of the FLSA.  See 29 CFR §778.209(a) (Where a nonexempt employee earns a bonus and works overtime, the overtime calculation requires the bonus to be apportioned back to the hours worked during the workweek(s) when the bonus was

---

[2]  The referenced discovery responses were provided by Defendant in the *La Tina Sankey v. Aeropostale, Inc., et al* matter, Los Angeles Superior Court Case No. BC457468, discussed *infra*.  In these verified responses, Defendant concedes that non-discretionary bonuses were paid to all "store line employees."

2

earned); see also 29 CFR §778.209(b) (Where bonuses cannot be apportioned to particular workweeks in which they were earned, they must be apportioned on an average basis to the total period of weeks in which they were earned to yield an average weekly bonus). Thus, as an example, if a Non-Exempt Store Employee earned a bonus of $500 for a particular month and had a workweek in that month in which she worked in excess of 40 hours to earn that bonus, Defendants had a uniform policy of failing to include the $500 bonus amount into her regular rate for purposes of compensating her at the legally appropriate overtime rate for that week in which she worked overtime. The result is a class-wide violation of the FLSA.

It must be highlighted at the outset that Defendants' uniform practice of failing to include non-discretionary bonus amounts into employees' overtime rate is an admitted practice. In March of 2011, a similar lawsuit on behalf of California employees, entitled *La Tina Sankey v. Aeropostale West Inc., et al*, was commenced in the Los Angeles Superior Court. In response to the *Sankey* action, Defendants, in March of 2012, sent a correspondence to their currently employed California Non-exempt Store Employees, referencing the *Sankey* lawsuit and stating: "Through this investigation it has come to our attention that overtime pay was potentially under calculated at certain times during your employment with us. The enclosed check and detailed spreadsheet set forth the amount of the adjustment, as well as how it was calculated." (Favarote Decl. ¶¶ 4, 7, **Exh. 5**). During the discovery phase of the *Sankey* action, it was uncovered that Defendants' practice of failing to pay overtime on non-discretionary bonuses was not confined to its California employees, but was nationwide.

## III.   PROCEDURAL BACKGROUND

On November 9, 2012, Plaintiff filed a Collective Action complaint against Defendants alleging, *inter alia*, that Defendants' violated the FLSA by failing to include non-discretionary

bonus amounts into Non-Exempt Store Employees' regular rate of pay for overtime purposes.

The FLSA Collective Action Members are defined by the Complaint as "[a]ll current and former employees of Aéropostale classified as non-exempt, who have worked overtime for Aéropostale in the United States or Puerto Rico at any time within the Collective Action Period and received a non-discretionary bonus" (hereafter referred to as the "FLSA Collective Action Members" or "FLSA Collective Action"). (Complaint, ¶ 20.)

## IV.     FACTUAL BACKGROUND

### A.     Defendants Have Uniform Payroll Practices and Processes

Defendants maintain nationwide non-discretionary bonus policies for all employees. (**Exh. 3**, Boatswain Depo. I, at 51:21-52:7; 58:21-59:1). The director of payroll for Defendants, Rawle Boatswain, is in charge of processing the payroll and ensuring that employees are paid accurately and in compliance with the law. (**Exh. 3**, Boatswain Depo. I, at 49:6-25). Defendants utilize one uniform payroll system for all of Defendants' employees nationwide called the Ceridian Source 550. (**Exh. 3**, Boatswain Depo. I, at 51:21-52:10; **Exh. 4**, Boatswain Depo. II at 19:18-24). Defendants' uniform payroll system for the last 3 years has, for all of the FLSA Collective Action Members, uniformly calculated their rate of pay, hours worked, and earnings paid. (**Exh. 4**, Boatswain Depo. II at 19:14-20:10).

In computing overtime pay for the FLSA Collective Action Members for the last 3 years, Defendants' receive payroll information regarding employees that work in their stores throughout the country and input the data, including hours worked and bonus payments earned, into an Excel spread sheet or model, which contains a formula to calculate overtime. (**Exh. 3**, Boatswain Depo. I at 55:9-56:6; 58:9-20; 87:19-88:5; 65:13-66:2). This uniform system is utilized by Defendants to calculate the overtime pay for all of Defendants' employees. (**Ex. 3**, Boatswain Depo. I at 52:2-8;

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
**CASE NO.: CV12-05755 WHA**

1    58:21-59:1; 59:9-22; 65:24-66:2).   Defendants have utilized the same Excel spreadsheet to

2    calculate overtime for employees, nationwide, since 2007.  (**Ex. 3,** Boatswain Depo. I at 71:3-13).

3    Thus, Aeropostale's software program, data, and methodology used to calculate the overtime pay

4    on bonuses and bonus programs are administered the same throughout the United States.  (**Ex. 3,**

5    Boatswain Depo. I, at 51:21-52:10; 58:9-20; 58:21-59:1; 59:9-22; 65:13-66:2; 66:9-67:1).

6

7         Defendants' non-discretionary bonus programs over the last 3 years include but are not

8    limited to a "Monthly Bonus Sales Plan", "Assistant/Associate Manager Monthly Sales Bonus

9    Plan", "Shrink Bonus", and "Referral Bonus Payments." (See. Daniels Decl. ¶ 3; **Exh. B** ["2011

10   Monthly Sales Bonus Plan"] at pp. 2-4; **Exh. D** ["Shrink Bonus Criteria 2011"] p. 2; **Exh. A** [2010

11   "Monthly Sales Bonus Plan"] at pp. 2-5; **Exh. C** ["Shrink Bonus Criteria 2010"] p. 2; **Exh. E**

12   ["Assistant/Associate Manager 2010 Monthly Sales Bonus Plan"] at pp. 2-4; **Exh. F** ["Referral

13   Bonus" 2011 Associate Handbook at p. 4]).   These bonus programs are used to incentivize

14   Defendants' Non-Exempt Store Employees to achieve performance goals for the company.

15   (Daniels Decl.¶ 3).  For instance, in an annual Shrink Bonus, if both the store goal and company

16   stretch goal are met, then the non-exempt employee will be eligible to receive a total potential

17   bonus of $3,000.00.    (Daniels Decl. ¶ 3; **Exh. C** ["2010 Shrink Bonus Criteria"] p. 2).

18   Furthermore, non-exempt Store Managers and General Managers may be eligible for a Monthly

19   Sales Bonus ranging from $2,100.00-$5,200.00 (for Store Managers Fall Base Bonus) and

20   $2,400.00-$4,800.00 (for General Managers Spring Base Bonus).  While the qualifications for each

21   bonus differ, the bonus programs were administered identically for payroll purposes, meaning that

22   Defendants' calculation of overtime on bonuses (or failure to do so) did not differ based on the

23   type of bonus.  (**Ex. 3,** Boatswain Depo. I, at 92:21-93:8).

24

25

26

27

28

**B.    The FLSA Collective Action Members Are All Classified As Non-Exempt and Are Paid Overtime At Just 1.5 Times Their Regular Rate**

The FLSA Collective Action Members are all classified as non-exempt and are paid overtime at only 1.5 times their regular rate, excluding bonus amounts.[3]  (**Ex. 3**, Boatswain Depo. I at 128:20-129:16; **Ex. 4**, Boatswain Depo II at 86:13-17).  In calculating the overtime pay for all employees that were eligible for overtime, Defendants multiplied an employee's hourly rate by 1.5 times the total overtime hours.  (**Ex. 3**, Boatswain Depo. I at 128:20-129:16).

**C.    The FLSA Collective Action Members Routinely Work More than 40 Hours per Week but Do Not Receive Overtime Pay from Defendants That Includes their Non-Discretionary Bonuses**

The FLSA Collective Action Members routinely worked more than 40 hours per week, however, their overtime pay failed to include non-discretionary bonuses that they received.  (**Ex. 3**, Boatswain Depo. I at 137:13-23; 148:17-149:11; 157:19-159:18; 160:22-161:4; 161:12-19; 163:5-164:8; Daniels Decl. ¶ 4).  Following a state action on behalf of California employees brought on the same grounds (*i.e.* that Defendants did not correctly calculate and pay overtime to Non-Exempt Store Employees by failing to include non-discretionary bonuses into their regular rate of pay) Defendants conducted an extensive investigation into their payroll practices.  Thereafter, Defendants sent a letter, a spreadsheet, and a check to all their then-employed California non-exempt Assistant Store and Associate Managers informing them that their overtime had been "under calculated." (**Ex. 5** (Defendants March 22, 2012 correspondence); **Ex. 3**, Boatswain Depo. II at 66:9-67:10).  In identifying those individuals who should have received additional overtime compensation, the common characteristic included that they were all non-exempt employees who

---

[3]There is no dispute regarding the classification of the FLSA Collective Action Members.  This case challenges Defendants' uniform payroll practices as to those employees whom Defendants classified as non-exempt.  There is no allegation that the FLSA Collective Action Members were misclassified.

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION
OF FLSA COLLECTIVE ACTION
CASE NO.: CV12-05755 WHA

received a bonus in the periods in which they worked overtime.  (**Ex. 4**, Boatswain Depo. II at 67:20-68:8).

Prior to July 2011, Defendants' calculation for the payment of overtime failed to include non-discretionary bonuses into the regular rate of pay for purposes of calculating overtime, and failed to perform the calculations properly, thereby under calculating the overtime pay to the FLSA Collective Action Members.  (**Ex. 3**, Boatswain Depo. I 137:13-23; 148:17-149:11; 157:19-159:18; 160:22-161:4; 161:12-19; 163:5-164:8).  Defendants have conceded that they failed to pay proper overtime on bonuses received by any non-exempt store manager prior to July 2011, and have since instituted a new process for calculating bonus overtime.  (**Ex. 4**, Boatswain Depo. II 68:20-69:12).

## V.      SUMMARY OF ARGUMENT

Plaintiff requests that the Court conditionally certify this action as a collective action under 29 U.S.C. § 216 (b) of the FLSA, in order to facilitate notice of the pending collective action to all similarly situated current and former non-exempt employees of Aéropostale and thereby give them an opportunity to opt-in to the present proceeding and assert their FLSA claims.

A collective action under § 216(b) of the FLSA differs from a traditional class action under FRCP Rule 23 in that each person who wishes to have his or her FLSA claims against the defendant collectively adjudicated must opt in as a plaintiff. Accordingly, Plaintiff seeks to conditionally certify this action, and to notify the group of potential opt-in plaintiffs about this case. The United States Supreme Court has commented on the "wisdom and necessity of early judicial intervention" in a collective FLSA action. <u>Hoffmann-LaRoche, Inc. v. Sperling</u>, 493 U.S. 165, 171 (1989).  Courts both in this circuit and nationwide have also regularly and recently heeded this advice by conditionally certifying collective actions at an early stage in the litigation, thereby facilitating notice to potential "opt-in" plaintiffs. <u>Mitchell v. Acosta Sales, LLC</u>, 841 F.Supp.2d

1105, 1107-1108 (C.D. Cal. 2011) (conditionally certifying an FLSA action of non-exempt employees who provided various merchandising services to food and consumer goods retail stores); Escobar v. Whiteside Const. Corp. 2008 WL 3915715, *5 (N.D. Cal. Aug. 21, 2008) (conditionally certifying an FLSA action involving laborers and truck drivers); Carter v. Anderson Merchandisers, LP, 2008 WL 2783193, *7 (C.D. Cal. Jul. 10, 2008) (conditionally certifying an FLSA action involving sales representatives and authorizing notice of action to putative members); Misra v. Decision One Mortg. Co., LLC, 673 F.Supp.2d 987, 992 (C.D. Cal. 2008) (conditionally certifying an FLSA action involving employees working as inside Account Executives); Herring v. Hewitt Associates, Inc., 2007 WL 2121693 *1, 8-9 (D.N.J. Jul. 24, 2007) (concluding that the FLSA action may proceed as a collective action and granting the motion to facilitate notice pursuant to 29 U.S.C. §216 (b)); Aquilino v. Home Depot, Inc., 2006 WL 2583563 *1, 3 (D.N.J. Sept. 7, 2006) (affirming grant of conditional approval of a collective action pursuant to the FLSA and facilitating notice to employees who held the position of merchandise assistant sales managers).

As stated by the district court in Delgado v. Ortho-McNeil, Inc., 2007 WL 2847238, *1 (C.D.Cal. Aug. 7, 2007), granting approval of early FLSA certification: "[g]iven the limited amount of evidence generally available at this stage, the court will generally apply a fairly lenient standard." Edwards v. City of Long Beach, 467 F.Supp.2d 986, 990 (C.D. Cal. 2006). "At the notice stage, conditional certification is commonly granted." Delgado, 2007 WL 2847238 at *1; see also, Lockhart v. County of Los Angeles, 2008 WL 2757080, *4 (C.D. Cal. Jul. 14, 2008); see e.g., Provine v. Office Depot, Inc. 2012 WL 2711085 *1, 8 (N.D. Cal. Jul. 6, 2012) (granting plaintiff's motion for certification on plaintiff's claim for failure to pay overtime wages); Chavez v. Lumber Liquidators Inc., 2012 WL 1004850, *6-7 (N.D. Cal. Mar. 26, 2012) (certifying plaintiffs'

1   unpaid overtime claims for "past and current retail store employees . . . classified . . . as non-

2   exempt employees . . . who were paid overtime wages and were also paid . . . nondiscretionary pay

3   or bonuses"). Stanfield v. First NLC Fin. Services, LLC, 2006 WL 3190527 *1 (N.D. Cal. Nov. 1,

4   2006) (granting plaintiffs' motion for a conditional collective action certification under the FLSA);

5   Escobar, 2008 WL 3915715 * 1 (granting motion for certification of a collective action under the

6   FLSA).

7            In this case, the evidence available to Plaintiff at this early stage already more than suffices

8   to meet the standard for conditional FLSA certification, which is well-recognized as a "fairly

9   lenient standard [that] typically results in conditional class certification." Leuthold v. Destination

10  Am. Inc., 224 F.R.D. 462, 466 (N.D. Cal. 2004); Escobar, 2008 WL 3915715 *3. This standard

11  requires no more than a modest factual showing that class members are "similarly situated" to the

12  representative plaintiff. Misra, 673 F.Supp.2d at 996-997. Thus, where Plaintiff, as in the present

13  case, "make[s] substantial allegations" that the putative collective members were subject to a

14  "single illegal policy, plan or decision," conditional FLSA certification is appropriate. Adams v.

15  Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 536 (N.D. Cal. 2007); In re Wells Fargo Home Mortg.

16  Overtime Pay Litig., 527 F.Supp.2d 1053, 1071 (N.D. Cal. 2007); Escobar, 2008 WL 3915715 *4.

17  Further, "[t]he 'substantial allegations' requirement is met where the plaintiff show[s] that there is

18  some factual basis beyond mere averments in their complaint" for the collective allegations. Wren

19  v. RGIS Inventory Specialists, 2007 WL4532218 *5 (N.D. Cal. Dec. 19, 2007); Escobar, 2008 WL

20  3915715 *4 (finding that even in a "he-said-she-said" situation, plaintiffs had "shown enough

21  evidence to justify certification," even though "[i]t may be true that the evidence will later negate

22  plaintiffs' claims, . . . [the] order will not deny conditional certification at this stage in the

23  proceedings").

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION
OF FLSA COLLECTIVE ACTION
CASE NO.: CV12-05755 WHA**

1    In the present case, Aéropostale employs thousands of Non-Exempt Store Employees that

2    work in its stores across the United States. (**Ex. 4**, Boatswain Depo. II 86:13-17). Aéropostale has

3    a uniform practice and policy of compensating its Non-exempt Store Employees through monthly

4    and annual non-discretionary bonus programs that established tiered goals that resulted in sales,

5    shrinkage, and referral bonus payments to the Non-Exempt Store Employees in varying, but

6    scheduled amounts, based on their performance at the store(s) where they worked for Defendants.

7    In violation of the FLSA, it was Aéropostale's uniform policy and practice *not* to include these and

8    other non-discretionary bonus amounts that the Non-Exempt Store Employees earned on a monthly

9    and/or annual basis into their "regular rate of pay" for purposes of calculating the Non-Exempt

10   Store Employees correct overtime rate.

11   Accordingly, in the present circumstances, where Aéropostale has treated all Non-exempt

12   Store Employees alike and uniformly failed to pay them overtime pay at 1.5x their legal "regular

13   rate of pay" for the hours that they worked in excess of 40 hours per week, certification of this

14   action should be granted. Notice of this action to the FLSA Collective Action Members should

15   also be sent in order to apprise them of their rights. To effectuate such notice, Plaintiff also seeks

16   an order directing Aéropostale to provide her counsel with the contact information for all potential

17   plaintiffs in the collective action. For the same sound reasons that other courts have previously

18   granted conditional FLSA certification, and facilitated notice to the potential plaintiffs in other

19   collective actions, Plaintiff respectfully submits that the instant motion for conditional FLSA

20   certification should likewise be granted.

21   / / /

22   / / /

23   / / /

10

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**
**OF FLSA COLLECTIVE ACTION**
**CASE NO.: CV12-05755 WHA**

## VI.   ARGUMENT

### A.   AT this Early Stage of Proceedings, a Lenient Standard Applies to Conditionally Certify a Collective Action and Facilitate Notice to Potential Plaintiffs

Section 216(b) of the FLSA provides in pertinent part:

"An action to recover the liability prescribed ... may be maintained against any employer... by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless he gives consent in writing to become such a party and such consent is filed in the court in which the action is brought."

A collective action under the FLSA affords plaintiffs the opportunity to efficiently resolve claims that may typically be too small to prosecute individually. See Hoffmann-LaRoche, 493 U.S. at 170.

To serve the "broad remedial purpose" of the FLSA, courts may order that similarly situated employees be given notice of their opportunity to "opt in" to the action. Id. at 173. Court-supervised notice avoids multiplication of duplicative suits, and allows the court to set deadlines in advance of the disposition of the action. Id. at 172. Notice also protects potential plaintiffs' claims from expiring under the FLSA's statute of limitations, which tolls individually for each claimant upon the claimant's filing of an opt-in form rather than collectively upon the filing of the complaint. 29 U.S.C. § 256.

In examining a proposed collective action under the FLSA, the majority of courts (including those in the Ninth Circuit) have followed a two-step certification approach. Adams, 242 F.R.D. at 536; Leuthold, 224 F.R.D. at 467.   The first, conditional stage, takes place when discovery is not yet complete, and the case has not been tried.   Kress v. PricewaterhouseCoopers, LLP, 263 F.R.D. 623, 629 (E.D. Cal. 2009).   Any conditional certification at this stage remains subject to revision at the later stage, and the practical concern is whether notice should be given to potential class members so that they may exercise their rights. Id. at 628 (stating that at the notice

11

stage the standard is lenient, "typically resulting in conditional certification of the representative class which may be revisited at the second stage.")  Harris v. Vector Mktg. Corp., 716 F.Supp.2d 835, 838 (N.D. Cal. 2010) ("[t]he fact that other potential class members have not affirmatively stated a desire to opt in does not preclude conditional certification.")

At this early stage, the court usually has only evidence before it in the forms of pleadings, and affidavits.  Misra, 673 F.Supp.2d at 993.  The standard, therefore, "is lenient, requiring 'little more than substantial allegations, supported by declarations or discovery" that the putative collective action members were together victims of a single decision, policy or plan.  Wren, 2007 WL 4532218 at *4; Escobar, 2008 WL 3915715 at *4.  Applying the fairly "lenient" standard to determine whether potential representative action members are similarly situated, a court's determination "typically results in conditional class certification."  Leuthold, 224 F.R.D. at 467; see also Adams, 242 F.R.D. at 536 ("The usual result is conditional class certification."); Escobar, 2008 WL 3915715 at *3.  The standard applied is less rigorous than the commonality requirement of Fed. R. Civ. P. 23.See, e.g., Leuthold, 224 F.R.D. at 469-470.

As a basis for conditional certification, Plaintiff must show only a factual nexus between herself and other current and former employees "which binds them together as victims of an alleged policy or practice." Thiebes v. Wal-Mart Stores, Inc., 1999 WL1081357, *2 (D. Or. Dec. 1, 1999). Thus, the merits of Plaintiff's claims need not be evaluated nor discovery completed in order for such notice to be approved and disseminated.  Mowdy v. Beneto Bulk Transp., 2008 WL 901546,*6 (N.D. Cal. Mar. 31, 2008) (holding that at the notice stage, only a minimal factual inquiry is needed rather than a ruling on the merits).  Conditional certification may be granted solely based on pleadings and affidavits.  Adams, 242 F.R.D. at 536; see also Escobar, 2008 WL 3915715 at *3 ("A court first decides based *primarily* on the pleadings and any affidavits submitted

---

12
**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION
OF FLSA COLLECTIVE ACTION**
CASE NO.: CV12-05755 WHA

by the parties, whether the potential class should be given notice of the action" (internal quotations and citations omitted) (emphasis added)).  Plaintiff need only make a modest factual showing "that there is some factual basis beyond mere averments in their complaint" for the collective action allegations.  Adams, 242 F.R.D. at 536; Escobar, 2008 WL 3915715 at *4.

### B.   At the Present Stage of the Proceedings, Only A Modest Showing Need Be Made to Obtain Conditional Certification Under the FLSA

In employment cases, individual actions, whether administrative or civil, are often thwarted by an employee's reluctance to challenge their employers.  St. Marie v. E. R.R. Ass'n, 72 F.R.D. 443, 449 (S.D.N.Y. 1976) ("The risks entailed in suing one's employer are such that the few hardy souls who come forward should be permitted to speak for others when the vocal ones are otherwise fully qualified.") rev'd on other grounds, St. Marie, 650 F.2d 395 (2d Cir. 1981).   Class and collective actions in employment cases are thus viewed favorably.  This is especially true given the remedial nature of the overtime laws at issue in this case.

Collective actions under the FLSA are governed by 29 U.S.C. § 216(b).  The distinctive feature of a collective action, setting it apart from class actions under Rule 23 of the Federal Rules of Civil Procedure, is that the members of a collective action must become party plaintiffs by affirmatively "opting into" the action in writing. 29 U.S.C. § 216(b).  This means that only party plaintiffs are entitled to the benefits of the action and will be bound by the result while those who do not opt in will not become parties, will not share in the benefits, and will not be bound.

Section 216(b) of the FLSA provides that one or more employees may bring a collective action "on behalf of himself or themselves and other employees similarly situated."  29 U.S.C.§ 216(b). "[P]laintiffs need show only that their positions are similar, not identical," to the positions held by the putative collective-action members.  Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996) (internal citation and quotation omitted).   Plaintiffs bear the burden of

13

demonstrating a "reasonable basis" for their class-wide claim. Id. at 1097. The plaintiffs may meet this burden, *which is not heavy*, by making substantial allegations of class-wide harm. Id. (Internal citation and quotation omitted emphasis added).

### C. Plaintiff Has More than Made the Requisite "Modest Factual Showing" for Conditional Certification

Plaintiff's factual showing that she is similarly situated to other Non-exempt Store Employees in the proposed FLSA Collective Action more than meets the applicable standard for conditional certification. As described above, Plaintiff has clearly established her *prima facie* case for collective relief, including: (i) the uniform non-exempt job classifications of the FLSA Collective Action Members; (ii) common payroll system and methodology for calculating overtime for Plaintiff and the FLSA Collective Action Members; (iii) Defendants common practice to pay performance related bonuses to the FLSA Collective Action Members; (iv)the FLSA Collective Action Members working overtime during the period in which the bonuses were earned; and (v) the Defendants' commonly applied policy of denying them overtime pay under the FLSA by not including these non-discretionary bonuses into their regular rate of pay.

Here, the named Plaintiff has made colorable claims for relief under the FLSA and demonstrated that she is similarly situated to other potential plaintiffs who worked as Non-Exempt Store Employees for Aéropostale, who also worked overtime, and received non-discretionary bonuses.

### D. Substantive Issues Should Not Be Addressed at this Stage of the Litigation

At this stage of the proceeding this Court should not undertake a deep inquiry into substantive evidentiary issues. Santiago v. Amdocs, Inc., 2011 WL 6372348, *7 (N.D. Cal. Dec. 19, 2011) (citing Aros v. United Rentals, Inc., 269 F.R.D. 176, 180 (D. Conn. 2010) (stating that

"the court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations"). This is even true under the relatively more stringent analysis that must be undertaken with respect to Rule 23 class actions. See Hon. Ming W. Chin, et al., *California Practice Guide: Employment Litigation* ¶ 11:1294 (The Rutter 2008) ("A court may conditionally certify a collective class action under the FLSA and facilitate notice to the class members if it finds that there are other employees 'similarly situated' to plaintiff with respect to job and pay who may desire to 'opt in.' … These standards are far less stringent than those governing class actions under FRCP 23.") (Internal citations and references omitted). The first major Supreme Court case to address this issue was <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156 (1974).

In <u>Eisen</u>, the district court determined that the Rule 23 class-certification requirements had been satisfied. <u>Id.</u> at 161. In determining which party should bear the cost of providing notice to the class, the district court reasoned that it was unfair to impose the cost of notice on the defendants unless the plaintiffs showed a probability of success on the merits. <u>Id.</u> at 167-68. The Supreme Court reversed, holding that the plaintiffs were required to bear the cost of notice to the class because "nothing in either the language or history of Rule 23 … gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." <u>Id.</u> at 177. Additionally, the Supreme Court reasoned that a preliminary inquiry into the merits is improper because it would provide the plaintiffs with a determination on the merits "without any assurance that a class action may be maintained" and so might "color the subsequent proceedings" and "place an unfair burden on the defendant." <u>Id.</u> at 177-78; <u>see also</u>, <u>e.g.</u>, <u>Alba v. Papa John's USA, Inc.</u>, 2007 WL 953849, *5 (C.D. Cal. Feb. 7, 2007) ("In deciding a motion to certify a class, the court may not evaluate whether the plaintiff is likely to prevail on the merits of the stated claims") <u>citing Eisen</u>, 417 U.S. at 177-78).

**E.**    **Even if the Court Decides to Inquire into the Substantive Issues, an Overview of Aéropostale's Bonus Programs Show Violations of the FLSA**

Plaintiff challenges Aéropostale's uniform practice of not paying its Non-Exempt Employees overtime on non-discretionary bonuses that they earned, including "sales," "shrink," "contest," "sign on" and "referral" bonuses. (**Ex. 3**, Boatswain Depo. I at 194:13-24). When non-discretionary bonuses are paid to nonexempt employees, employers must re-compute the employees' "regular rate" of pay[4] for overtime purposes by including the amount of the bonus in the regular rate for the affected period. See 29 U.S.C. §207 (e) (the "regular rate" includes all "remuneration for employment paid to, or on behalf of, the employee," except matters specifically excluded).[5]

As an example, if a non-exempt employee works 50 hours in a week and also earns a bonus for sales made in that week, the employer must pay the employee time and a half his regular rate of pay for each of the 10 overtime hours worked, **and** the regular rate amount must be recalculated to include the bonus earned in that week.  Here, Plaintiff alleges that Aéropostale failed to re-calculate the regular rate of pay to include the amount of the non-discretionary bonuses. Thus, while Aéropostale paid its Non-Exempt Employees for 10 hours of overtime, the overtime rate of pay was uniformly understated by Aéropostale because it failed to recalculate the regular

---

[4]The "regular rate refers to the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." Walling v. Youngerman-Reynolds Hardwood, Co., 325 U.S. 419, 424 (1945).

[5]Where a non-exempt employee earns a bonus and works overtime, the overtime calculation requires the bonus to be apportioned back to the hours worked during the workweek(s) when the bonus was earned. See 29 CFR §778.209(a). Where bonuses cannot be apportioned to particular workweeks in which they were earned, they must be apportioned on an average basis to the total period of weeks in which earned to yield an average weekly bonus. Id. at §778.209 (b).

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
**CASE NO.: CV12-05755 WHA**

rate of pay for overtime purposes by including the sales bonus.[6]   Defendants' failure was systematic and is the exact type of scenario that collective and class action procedures were designed to address.

Aéropostale uses its bonus programs to incentivize its Non-Exempt Employees to achieve certain financial performance goals.  (Daniels' Decl. ¶ 3).  The bonuses are all non-discretionary (see Daniels Decl. ¶ 3; **Exh. B** ["2011 Monthly Sales Bonus Plan] at pp. 2-4; **Exh. D** ["Shrink Bonus Criteria 2011"] p. 2; **Exh. A** [2010 "Monthly Sales Bonus Plan"] at pp. 2-5; **Exh. C** ["Shrink Bonus Criteria 2010"] p. 2; **Exh. E** [Assistant/Associate Manager 2010 Monthly Sales Bonus Plan"] at pp. 2-4; **Exh. F** ["Referral Bonus" 2011 Associate Handbook at p. 32]).

While the qualifying triggers for receiving a bonus differ for each type of bonus (i.e. monthly sales, the variance between recorded and actual inventory, a qualifying referral, etc.), the bonus programs are administered identically for payroll purposes.  (**Ex. 3**, Boatswain Depo. I, 92:21-93:8 (the type of bonus does not affect Aéropostale's calculation of overtime on the bonus).  Moreover, the software program, data, methodology used to calculate the overtime pay, and bonus programs are administered the same throughout the United States.  (**Ex. 3**, Boatswain Depo. I, 51:21-52:10; 58:9-20; 58:21-59:1; 59:9-22; 65:13-66:2; 66:9-67:1).  In other words, Defendants receive information regarding employees that work in their stores throughout the country, input the data in one uniform system which calculates the overtime pay for all employees.  (**Ex. 3**, Boatswain Depo. I, 52:2-8; 59:9-22; 65:24-66:2).  Any errors in the calculations or formulas would affect all employees nationwide.  (**Ex. 3**, Boatswain Depo. I, 119:16-20).  To the extent that the methodology changed during the liability period, the changes applied to the putative FLSA Collective Action Members uniformly.  (**Ex. 3**, Boatswain Depo. I, 51:21-52:10; 58:9-20; 58:21-

---

[6] See letters from Aéropostale sent on or about March 22, 2012 to then current employed Store Managers stating that their overtime pay had been "under calculated." (Favarote Decl. ¶ 7; **Exh.5**).

17

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
**CASE NO.: CV12-05755 WHA**

59:1; 59:9-22; 65:13-66:2; 66:9-67:1).

### 1. Aéropostale Concedes That They Did Not Pay the Required Overtime on Bonuses.

Aéropostale admits until July 2011, it uniformly failed to include the amount of bonuses in the calculation of Associate Store Managers, Assistant Store Managers, and Store Managers' regular rates of pay for overtime purposes, and/or that they failed to perform the calculation properly; and that they consequently did not pay proper overtime on any bonuses during this period. (**Ex. 3**, Boatswain Depo. I, 190:9-191:4; 160:22-161:4; 137:13-23; 148:17-149:11; 157:19-159:18, 163:5-164:8; 200:3-16; **Ex. 4**, Boatswain Depo. II 68:20-69:12).[7]   Aéropostale also concedes that they were able to identify all of these current and former employees who previously did not receive proper overtime pay by reviewing their Ceridian payroll records. (**Ex. 3**, Boatswain Depo. I, 97:13-98:15).

Plaintiff Daniels suffered the same injury as those in the putative FLSA Collective Action. Daniels worked overtime hours and was paid bonuses in multiple pay periods but Aéropostale failed to pay her any overtime on any bonuses she received. (Daniels Decl. ¶ 4).  For example, Daniels' wage statements show that she earned a sales bonus in the pay period ending March 5, 2011 and June 11, 2011, in the amounts of $800.00 each.   (Daniels Decl.¶ 4; **Exh. G-H**). However, Defendants never recalculated Daniels overtime pay for the overtime hours she worked in the previous months of February 2011 and May 2011, respectively, to account for her bonus payments, as the overtime adjustments are zero for both months. (Daniels Decl. ¶ 4; **Exh. I-J**).

---

[7]Aéropostale asserts that beginning in July of 2011 it began to apply a new, allegedly proper, uniform policy for paying overtime on bonuses for all eligible employees who receive a bonus and worked overtime. (**Ex. 4**, Boatswain Depo. II 68:20-69:12; 89:17-90:8).  Plaintiff however, disputes this and believes that Defendants are still not correctly calculating the putative FLSA Collective Action Members regular rate of pay for overtime purposes.

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
**CASE NO.: CV12-05755 WHA**

Likewise, the overtime pay in May 2011 of $41.72 was only 1.5 times Daniels regular earnings of $27.81, and did not take into account the bonus she received in June 2011. (Daniels Decl. ¶ 4; **Exh. J**). The same can be said for the wage statements in February 2011, Daniels regular earnings were $27.19, and overtime pay was only $40.78, again showing only 1.5 times Daniels regular earnings but not taking into consideration the bonus she received in the subsequent month.(Daniels Decl. ¶ 4; **Exh. I**). Despite Daniels not *receiving* the bonuses until a month later, the bonus was *earned* in February and May of 2011, and Defendants should have taken into consideration the bonus payments in calculating overtime for those months. (**Ex. 3**, Boatswain Depo. I, 140:16-18; 142:13-15). Thus, Daniels was severely undercompensated as Defendants consistently failed to incorporate bonus payments into her overtime pay. In fact, Aéropostale concedes that it did not pay proper overtime on bonuses received by any Store Manager prior to July of 2011 and that it was a uniform policy. (**Ex. 3**, Boatswain Depo. I, 150:4-20; **Ex. 4**, Boatswain Depo. II 68:20-69:12). As a result of Aéropostale's failure to comply with the FLSA, Daniels earned, but was not paid, the correct overtime on non-discretionary bonuses that she earned.

**F.      The Overtime Claims in this Collective Action Should Extend Back Three Years Because Defendants' Violations of the FLSA Were Willful.**

The statute of limitations under the FLSA is extended from two to three years if Defendants violated the Act willfully, *i.e.*, with guilty knowledge or reckless disregard that its conduct was prohibited. See 29 U.S.C. § 255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 130, 133 (1988). As the Ninth Circuit has determined, "willfulness exists 'where an employer disregarded the very possibility that it was violating the FLSA.'" Chao v. A-One Med. Services, Inc., 346 F.3d 908, 919 (9th Cir. 2003); see also Alvarez v. IBP, Inc., 339 F.3d 894, 908-909 (9th Cir. 2003) (finding willfulness because employer knew or showed reckless disregard for whether its conduct

1    was prohibited by the FLSA).

2      Aéropostale should have been on notice of its FLSA obligations here. Since at least 2003,

3    numerous, well-publicized class and collective actions in various state and federal jurisdictions

4    have asserted FLSA and state overtime claims closely similar to those at issue here. See, e.g.,

5    Provine 2012 WL 2711085, at * 1; Chavez, 2012 WL 1004850, at *6.

6

7      Moreover, Aéropostale was placed on notice of the very violations at issue in this case in

8    March of 2011 when a similar suit was filed against them in state court on behalf of California

9    employees. (Favarote Decl. ¶ 4). In the state court action, the overtime claim for failure to include

10   bonuses into the regular rate of pay has been certified. (Favarote Decl. ¶ 4). After being notified

11   of these violations two years ago, Aéropostale continues to refuse to pay all of the FLSA Collective

12   Action Members overtime in accordance with the FLSA. Aéropostale, recognizing its error has

13   made partial back pay payments to a small number of the FLSA Collective Action Members that

14   still work for the company in California for some of the violations alleged herein, but it has not

15   done so for all members across the United States including former employees such as the Plaintiff,

16   even though the company knows that these individuals were underpaid. (**Ex. 4**, Boatswain Depo.

17   II 42:9-15; 46:18-21; 65:1-8).

18     Furthermore, Aéropostale's willfulness is a merits issue that need not be resolved at this

19   time. Instead, notice should be given to potential plaintiffs with claims dating back within the three

20   year period for willful violations. This ensures that, if the Court later determines a willful violation

21   occurred, those plaintiffs whose claims arose between two and three years before the opt-in

22   deadline will not find their claims to have been time barred because they were not given an

23   opportunity to opt in by Court ordered conditional FLSA certification.

24   / / /

25

26

27

28

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**
**OF FLSA COLLECTIVE ACTION**
**CASE NO.: CV12-05755 WHA**

**G.     Defendants Should be Directed to Disclose to Plaintiff the Contact Information for Current and Former Non-Exempt Employees so that Potential Plaintiffs May Be Notified of the Collective Action**

After determining that conditional certification is appropriate, the Court may authorize Plaintiff to notify all potential opt-in plaintiffs of the FLSA collective action.  To effectuate such notice, Plaintiff respectfully requests the Court to direct Defendants to produce names and other contact information (e.g., addresses, telephone numbers, e-mail addresses, dates of employment, and location of employment) for the potential plaintiffs who comprise the FLSA Collective Action Members. See, e.g., Hoffmann-LaRoche, 493 U.S. at 170 (approving discovery of names and addresses of potential opt-in plaintiffs); Adams, 242 F.R.D. at 543-544 (ordering defendant to provide potential plaintiffs' contact information); Mowdy, 2008 WL 901546 at *12 (ordering defendant to provide potential plaintiffs' names, social security number, last known address and last known number); Misra, 673 F.Supp.2d at 998 ("defendants are ordered to produce a class list, . . . containing the names, addresses, dates of employment, location(s) of employment, and employee numbers").

A proposed notice and opt-in form is attached as **Exh.1** to the Favarote Decl. in Support of the Motion for an Order Granting FLSA Collective-Action Certification.  Plaintiff requests that the Court order Defendants to provide to the Plaintiff's counsel an electronic list of the FLSA Collective-Action Members along with their last known addresses, telephone numbers, e-mail addresses, dates of employment, location(s) of employment, employee number so that the proposed notice and opt-in form can be sent to them via first-class mail.

**VII.    CONCLUSION**

The allegations made in Plaintiff's Complaint, coupled with the evidence submitted herewith are sufficient to satisfy the lenient first-stage-of-certification analysis under the FLSA.

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION**
**CASE NO.: CV12-05755 WHA**

1   Plaintiff respectfully requests that the Court conditionally certify this action as a collective action

2   under Section 216(b) of the FLSA for unpaid overtime by Plaintiff and such members of the FLSA

3   Collective Action as may ultimately choose to opt in to the present proceeding.  Plaintiff further

4   requests that the Court, in granting conditional FLSA certification, facilitate notice of the pending

5   action to such potential plaintiffs so that they will have an opportunity to opt in to this case and

6   preserve their FLSA claims against Defendants.  Accordingly, Plaintiff request that this Court grant

7   conditional FLSA certification of this action, direct Defendants to promptly disclose to Plaintiff's

8   counsel the requisite contact and employee information for purposes of notifying potential FLSA

9   Collective Action Members, and approve the requested notice and opt-in form for the putative

10  FLSA Collective Action Members.

11  Dated: March 7, 2013              LAW OFFICE OF JOSEPH R. BECERRA

12

13

14                                   By: /s/ Joseph R. Becerra

15                                        Joseph R. Becerra

16                                   Attorneys for Plaintiff Portia Daniels

17  Dated: March 7, 2013              GLEASON & FAVAROTE, LLP

18

19                                   By: /s/ Torey Joseph Favarote

20                                        Torey Joseph Favarote

21                                   Attorneys for Plaintiff Portia Daniels

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION
OF FLSA COLLECTIVE ACTION
CASE NO.: CV12-05755 WHA

**PROOF OF SERVICE**

I, Torey J. Favarote, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 835 Wilshire Blvd., Suite 200, Los Angeles, CA 90017.

On March 7, 2013, I served a copy(ies) of the following document(s):

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATON OF FLSA COLLECTIVE ACTION**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Stacey D. McKee-Knight, Esq.<br>Rachel Schumacher, Esq.<br>Robert J. Dwyer, Esq.<br>Katten Muchin Rosenman, LLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, CA 90067-3012<br>Telephone:  310.788.4400<br>Facsimile:  310.788.4471<br>rachel.schumacher@kattenlaw.com<br>stacey.knight@kattenlaw.com<br>robert.dwyer@kattenlaw.com | Counsel for Defendants | First Class Mail |

☐  [BY MAIL]  I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Los Angeles, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐  [BY OVERNIGHT COURIER] I caused the sealed envelope(s) to be delivered by a commercial carrier  service for overnight delivery to the offices of the addressee(s).

☐  [BY HAND] I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by courier this date.

☐  [BY ELECTRONIC TRANSMISSION]  I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above.

☒  [BY CM/ECF SYSTEM]  I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on March 7, 2013, at Los Angeles, California.

_____
Torey J. Favarote

1.

**PROOF OF SERVICE**