IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTIA DANIELS, on behalf of herself and all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>AÉROPOSTALE WEST, INC., a Delaware corporation, AÉROPOSTALE, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>            Defendants.<br>                                                                         / | No. C 12-05755 WHA<br><br>**NOTICE RE PROPOSED FLSA SETTLEMENT** |

Counsel shall please be prepared to address the following problems with the proposed FLSA settlement at the hearing on May 29:

1.   The undersigned judge is concerned about the potential or actual conflict of interest between plaintiff's counsel in *Sankey, et al. v. Aéropostale, Inc.*, No. BC457468 (Los Angeles Sup. Ct.) and plaintiff's counsel here. Are counsel here also counsel in *Pakaz, et al. v. Aéropostale West, et al.*, No. BC493736 (Los Angeles Sup. Ct.)? The Supreme Court has stated that an attorney who currently represents another class against the same defendant may not serve as class counsel. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999). Class counsel must be able to fairly and adequately represent the interests of the FLSA collective-action members. *Lou v. Ma Labs., Inc*., No. 3:12-cv-05409-WHA, 2014 WL 68605, at *1–2 (N.D. Cal. Jan. 8, 2014).

2. The parties represent that the breakdown of the proposed settlement is as follows: (1) $0 = 60%; (2) $1 to $200 = 38%; and (3) $201 to $588 = 2%. A proposed settlement where 60% of the collective-action members receive zero dollars in exchange for a broad release will not be approved. Please further break down the 38% of collective-action members in the $1 to $200 category. What are the approximate percentages of individuals receiving (1) $1 to $25, (2) $26 to $75, (3) $76 to $100, (4) $101 to $200 under the proposed FLSA settlement?

3. No trial-ready Rule 26 damages expert reports were submitted in support of the proposed FLSA settlement. After an order requested further information regarding the proposed FLSA settlement, defendants appended a five-page declaration of Elaine Reardon, dated May 12, 2014. It appears that Ms. Reardon's declaration was rendered after the fact, solely in justification of the proposed settlement. This is not sufficient.

4. The proposed release for the collective-action members is too broad, speculative, and ambiguous to be acceptable. Plaintiff's counsel can only settle known FLSA claims conditionally certified by the Court and pled in the complaint.

5. There are multiple problems with the proposed notice, including its length and legalese. Nevertheless, the terms of the proposed settlement are so fundamentally flawed that a specific discussion of the proposed notice will be postponed for now.

6. If the proposed settlement by itself is not good enough for named plaintiff Portia Daniels, why should it be good enough for the collective-action members? Portia Daniels will not be entitled to receive $5,000 as an incentive payment when she and plaintiff's counsel have done little to nothing for the collective-action members.

7. What, if anything, remains of this action if the *Sankey* and *Pakaz* actions proceed to judgment? The parties represent that 83 members of the *Sankey* class are also members of this collective action. Is there any overlap between the class certified in *Pakaz* and the collective action conditionally certified here?

2

8. The parties appended a copy of the *Sankey* proposed settlement but have failed to include a copy of the *Pakaz* proposed settlement. Please file a copy of the *Pakaz* proposed settlement. What class was certified in *Pakaz*?

By **NOON ON MAY 23**, the parties shall please file a joint statement regarding the issues raised in this notice. The joint statement shall not exceed twelve pages.

Both sides are reminded that the final pretrial conference is scheduled for June 2 and trial is scheduled for June 9. The undersigned judge is considering inviting defendants to move to decertify this conditionally-certified FLSA collective action. Please propose an amended case schedule. In the meantime, as previously stated, both sides should be prepared to proceed to trial and all existing deadlines remain in place.

**IT IS SO ORDERED.**

Dated:  May 19, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3