1  Joseph R. Becerra (State Bar No. 210709)
   LAW OFFICE OF JOSEPH R. BECERRA
2  835 Wilshire Boulevard, Suite 200
   Los Angeles, California 90017
3  Tel: (213) 542-8501  Fax: (213) 542-5556
   jbecerra@jrbecerralaw.com
4
5  Torey Joseph Favarote (State Bar No. 198521)
   GLEASON & FAVAROTE, LLP
   835 Wilshire Boulevard, Suite 200
6  Los Angeles, California 90017
   Tel: (213) 452-0510  Fax: (213) 452-0514
7  tfavarote@gleasonfavarote.com

8  Attorneys for Plaintiff Portia Daniels,
   on behalf of herself and all others similarly situated
9

10                 UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12

13
14 PORTIA DANIELS, on behalf of herself   )  CASE NO. 3:12 CV 12-05755 WHA
    and all others similarly situated,    )
15                                        )  **COLLECTIVE ACTION**
                  Plaintiffs,             )
                                          )  **PLAINTIFF'S [PROPOSED] FINDINGS**
16       vs.                              )  **OF FACT AND CONCLUSIONS OF LAW**
                                          )
17 AÉROPOSTALE WEST, INC., a Delaware     )  Judge:         Hon. William H. Alsup
    corporation, AÉROPOSTALE, INC., a     )  Courtroom:     8
18  Delaware corporation, and DOES 1 through )  Action Filed:  November 9, 2012
    10, inclusive,                        )  Trial:         June 9, 2014
19                                        )
                                          )
20                Defendant.              )
                                          )
21                                        )

22

23

24

25

26

27

28

-1-
PLAINTIFF'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

Beginning on June 9, 2014, the above-captioned case was tried before this Court in Department 8. Plaintiff Portia Daniels, on behalf of herself and all others similarly situated ("Plaintiff") was represented by Joseph R. Becerra and Torey Joseph Favarote, Esq. Defendants Aeropostale West, Inc. and Aeropostale, Inc. (collectively, "Defendants") were represented by Stacey McKee Knight, Rachel C. Schumacher, and Robert J. Dwyer.

Having reviewed evidence, argument of counsel and considering relevant authorities, the Court finds as follows:

## I. FACTUAL BACKGROUND OF THE CASE

1. Defendants operate and, at all times during the three-year period prior to the filing of the complaint, have done business as a shopping mall-based specialty retailer of casual apparel and accessories throughout the United States.

2. In its endeavor, Defendants employ personnel in California and throughout the United States as non-exempt store employees, which include but are not limited to "Associates," "Assistant Store Managers," "Associate Store Managers," "Store Managers" and "General Managers" ("Non-Exempt Store Employees").

3. This lawsuit challenges Defendants' wage and hour practices as they concern Non-Exempt Store Employees. These employees that were classified as non-exempt, were: (i) paid an hourly rate for their first forty (40) hours of work in a workweek; (ii) were eligible for, and paid, some overtime for hours worked over 40 in a workweek; and (iii) were eligible for various non-discretionary bonuses that varied in amount and were dependent on these employees' work performance at the store in which they were employed.

4. The non-discretionary bonuses noted above were earned for sales goals reached by Non-Exempt Store Employees, for limiting "shrinkage" (loss of inventory due to theft or accident), for staying employed with the company, and for recruiting employees and other personnel. These bonuses included but were not limited to "sales," "shrink," "contest," "sign-on," "referral," and "retention."

5. Defendants had a uniform, nationwide practice of failing to include these earned bonus amounts into Non-Exempt Store Employees' regular rate of pay for overtime purposes in

violation of the FLSA. *See* 29 CFR § 778.209(a) (Where a nonexempt employee earns a bonus and works overtime, the overtime calculation requires the bonus to be apportioned back to the hours worked during the workweek(s) when the bonus was earned); *see also* 29 CFR § 778.209(b) (Where bonuses cannot be apportioned to particular workweeks in which they were earned, they must be apportioned on an average basis to the total period of weeks in which they were earned to yield an average weekly bonus); *see also* 29 CFR § 778.207(b) (2000).

## II. DEFENDANTS WILLFULLY VIOLATED THE FLSA, EXTENDING THE STATUTE OF LIMITATION OF PLAINTIFF'S CLAIMS TO THREE YEARS.

6. The statute of limitations under the FLSA is extended from two to three years if Defendants violated the Act willfully, *i.e.*, with guilty knowledge or reckless disregard that its conduct was prohibited. *See* 29 U.S.C. § 255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 130, 133 (1988). As the Ninth Circuit has determined, "willfulness exists 'where an employer disregarded the very possibility that it was violating the FLSA.'" Chao v. A-One Med. Services, Inc., 346 F.3d 908, 919 (9th Cir. 2003).

7. Aéropostale should have been on notice of its FLSA obligations here. Since at least 2003, numerous, well-publicized class and collective actions in various state and federal jurisdictions have asserted FLSA and state overtime claims closely similar to those at issue here. Moreover, Aéropostale was placed on notice of these very same violations, in March of 2011 when a similar suit was filed against them in state court alleging that the same conduct at issue in this case violated California state law. After being notified of these violations almost two years ago, Aéropostale continues to refuse to pay all of the FLSA Collective Action Members overtime in accordance with the FLSA. Aéropostale, recognizing its error has however made partial back pay payments to a small number of the FLSA Collective Action Members that still work for the company in California for some of the violations alleged herein, but it has not done so for all members across the United States including former employees such as the Plaintiff, even though the company knows that these individuals were underpaid.

/ / /

/ / /

**III. DEFENDANTS WILLFULLY VIOLATED THE FLSA, ENTITLING PLAINTIFF TO LIQUIDATED DAMAGES.**

8. Because the Defendants violated FLSA standards willfully, it owes Plaintiff an equal amount to the amount of employee's unpaid wages, including overtime wages as liquidated damages. *See* 29 U.S.C. § 216(b).

**IV. DAMAGES**

9. The damages in this case to the Plaintiff and Collective Action Members is $8,645.31, as well as liquidated damages and all attorneys' fees and costs.

IT IS SO ORDERED

Date:_____    _____
                                            Honorable Judge William H. Alsup

PROOF OF SERVICE

I, Torey Joseph Favarote, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 835 Wilshire Blvd., Suite 200, Los Angeles, CA 90017.

On May 23, 2014, I served a copy(ies) of the following document(s):

**PLAINTIFF'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Stacey McKee Knight<br>Rachel C. Schumacher<br>KATTEN MUCHIN ROSENMAN LLP<br>2029 Century Park East, Ste. 2600<br>Los Angeles, CA 90067-3012<br>Fax: (310) 788-4471 | Counsel for Defendant | CM/ECF |

| | |
|---|---|
| X | [BY CM/ECF SYSTEM] I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on May 23, 2014, at Los Angeles, California.

/S/ Torey Joseph Favarote
Torey Joseph Favarote