IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTIA DANIELS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AÉROPOSTALE WEST, INC., a Delaware corporation, AÉROPOSTALE, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants.<br>/ | No. C 12-05755 WHA<br><br><br><br><br>**ORDER DECERTIFYING CONDITIONALLY-CERTIFIED FLSA COLLECTIVE ACTION** |

## INTRODUCTION

The parties to this overtime action have stipulated to decertifying the conditionally-certified Fair Labor Standards Act ("FLSA") collective action. Defendants have also voluntarily agreed to "issue payment to each collective action member . . . who did not receive full payment for the overtime adjustment on any non-discretionary bonus earned during the collective action period . . . without seeking a release." They make this promise on their own accord. Based on the parties' stipulation, the collective action is **DECERTIFIED**.

## STATEMENT

In November 2012, plaintiff Portia Daniels filed a putative collective-action complaint. *Daniels v. Aeropostale West, Inc., et al.*, No. 3:12-cv-05755-WHA (N.D. Cal. Nov. 9, 2012). An April 2013 order granted conditional certification of the following FLSA collective action (Dkt. No. 37):

> all current and former employees of Aéropostale classified as non-exempt who have worked overtime for Aéropostale in the United States or Puerto Rico at any time within the last three years — since November 9, 2009 — and received a non-discretionary bonus.

According to counsel, "[o]pt in notices were sent to all employees that fell within [the] definition," and 594 individuals opted-in (Dkt. Nos. 59).

A May 2014 order denied a motion for preliminary approval of a proposed FLSA collective-action settlement (Dkt. No. 71).

In June 2014, the parties stipulated to decertifying the FLSA collective action. The parties stated that "[t]his action will proceed as to plaintiff Portia Daniels's [sic] claim only" (Dkt. No. 73). Defendants further agreed to issue a payment to each collective-action member (excluding Ms. Daniels) who did not receive full payment for the overtime adjustment on any non-discretionary bonus earned during the collective action period "without obtaining a release." Defendants promise to issue payment within thirty days of this order. Plaintiff's counsel promise to provide notice of the decertification to all opt ins at their own expense.

**CONCLUSION**

Based on the stipulation, the collective action is **DECERTIFIED**. All opt-ins are **DISMISSED WITHOUT PREJUDICE**. The applicable statute of limitations is further tolled for thirty days from the date of this order. Plaintiff's counsel shall provide notice of the decertification to all opt ins. Ms. Dunford's individual claim is scheduled for trial on August 18.

In the event that counsel file a similar action in other court, they shall promptly notify the undersigned judge.

**IT IS SO ORDERED.**

Dated: June 10, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE